# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAWNETTA WHITE, | |
| Plaintiff, | Case No. 15-cv-5278 |
| v. | |
| DEPARTMENT OF CHILDREN AND FAMILY SERVICES, *et al.*, | Judge John Robert Blakey |
| Defendants. | |

## ORDER DISMISSING CASE

This Court dismisses Plaintiff Dawnetta White's case under the *Rooker-Feldman* doctrine and 28 U.S.C. § 1367(c)(3), declining to exercise jurisdiction over any state-law claims that *Rooker-Feldman* does not bar. All pending motions and dates are stricken. Civil case terminated.

## STATEMENT

Plaintiff, acting pro se, filed a third amended complaint challenging the outcome and alleged unfairness of state-court proceedings that terminated her parental rights to her minor son. [107]. Plaintiff asserts numerous federal claims, such as procedural due process claims. *Id*. at 11. Plaintiff also asserts numerous state-law claims against individual employees of the Department of Children and Family Services, such as intentional infliction of emotional distress. *Id*. at 22. Defendants moved to dismiss the entire complaint on various grounds, including that this Court lacks jurisdiction to review state-court judgments under the *Rooker-Feldman* doctrine. [124, 125, 131]. Based upon the third amended complaint, this Court lacks jurisdiction to consider most of Plaintiff's claims, and declines to exercise jurisdiction over any remaining state-law claims.

The *Rooker-Feldman* doctrine, which takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), establishes that no federal court except the United States Supreme Court "may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Thus, under *Rooker-Feldman*, lower federal courts lack subject matter jurisdiction to review state-court judgments. The "doctrine applies when the state court's judgment" constitutes "the source of the injury of which plaintiffs complain in federal court." *Id*. (citing *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *GASH Assocs. v. Rosemont*, 995 F.2d 726, 729 (7th Cir. 1993)).

*Rooker-Feldman* not only bars direct review of a state-court decision, but also of claims "inextricably intertwined" with a state-court decision. *See, e.g., Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004). Claims are "inextricably intertwined" when they call upon the district court "to review the state-court decision." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).

Under *Rooker-Feldman,* this Court must dismiss most of Plaintiff's third amended complaint. From the face of the complaint, all of Plaintiff's federal claims unquestionably ask this Court to review the state-court proceedings and determine whether the state court followed appropriate procedures and reached an appropriate decision when it terminated her parental rights. *See* [107]. *Rooker-Feldman* prevents this Court from reviewing the state court's decision to terminate Plaintiff's parental rights, and any claims "inextricably intertwined" with that decision. *Taylor*, 374 F.3d at 532–33. Accordingly, this Court dismisses all of Plaintiff's federal claims and any inextricably intertwined state-law claims, such as her claim for "negligent spoliation of evidence," which challenges the sufficiency of the evidence that the state court relied upon in terminating her parental rights. [107] at 26.

To the extent that any of Plaintiff's state-law claims do not fall under *Rooker-Feldman*, this Court declines to exercise jurisdiction over those claims under 28 U.S.C. § 1367(c)(3). This Court "has dismissed all [federal] claims over which it has original jurisdiction," *id.*, so this Court will not hear any remaining state-law claims.

Dated:   November 27, 2017

ENTERED:

_____
John Robert Blakey
United States District Judge